## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STUCK ENTERPRISES, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| | | **Case No.: JKB-20-2406** |
| **RED ROCK ENTERPRISES, LLC,** | * | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Stuck Enterprises, Inc. ("Stuck Enterprises") filed a Complaint for Judgment by Confession against Defendant Red Rock Enterprises, LLC ("Red Rock") on August 20, 2020. ECF No. 1. On August 24, 2020, in accordance with 28 U.S.C § 636 and Local Rule 301.6(ak), Judge Bredar referred this case to me to review Stuck Enterprises' complaint. ECF No. 5. Having reviewed the complaint and accompanying exhibits and affidavit, I will direct the Clerk of the Court to enter judgment by confession against Red Rock for the reasons stated below.

### Judgment by Confession

A plaintiff may file a complaint in this Court seeking entry of judgment by confession. Loc. R. 108.1(a) (D. Md. 2018). The plaintiff also must file "the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *Id.* Additionally, the plaintiff must file an affidavit in support,

> made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

*Id.* After reviewing these documents,

> the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b).

## Discussion

Stuck Enterprises filed its complaint along with a Promissory Note, ECF No. 1-1, a Guaranty Agreement, ECF No. 1-2, and an affidavit from its president Steven Stuck, ECF No. 1-3. Philip D. Frantz, one of Red Rock's owners, signed the May 13, 2019 Promissory Note, in which he promised to pay Stuck Enterprises $75,610.00, plus 5% interest compounded annually. Note 1. The Promissory Note provides:

> Upon default, the Note Holder may declare, without notice to the Borrower, all of the liabilities and indebtedness created under this Note to be immediately due and payable, whereupon the same becomes due and payable, without presentment, demand, protest, or notice, all of which the Borrower hereby waives.

*Id.*

In the Guaranty Agreement, also dated May 13, 2019 and signed by Mr. Franz, Red Rock guaranteed Mr. Frantz's "full and punctual payment" of the loan, including principal, interest, fees (including attorneys' fees) and expenses. Guaranty Agr. § 2, at 2. The Guaranty Agreement provided for a confessed judgment:

> Upon the occurrence of any Event of Default, the Guarantor authorize[s] any attorney admitted to practice before any court of record in the United States, or the clerk of such court, to appear on behalf of the Guarantor and to confess judgment in any such court against the Guarantor in the full amount of the outstanding Guaranteed Indebtedness (including the principal thereof and all accrued and unpaid interest thereon) and all other amounts outstanding on account of the Guaranteed Indebtedness, plus a reasonable attorney fee not to exceed fifteen percent (15%) of the principal of and accrued unpaid interest on the Guaranteed Indebtedness. The Guarantor waive[s] any right to notice or a hearing prior to the entry of judgment . . . .

*Id.* § 20, at 12. "Events of Default" included failure to make timely payments under the loan, the institution of an involuntary bankruptcy proceeding against the borrower, and the borrower's commencement of a voluntary bankruptcy proceeding. *Id.* § 17, at 9–10.

In his August 12, 2020 affidavit, Mr. Stuck noted that the Guaranty Agreement and the Promissory Note both authorize a confessed judgment against Red Rock. Stuck Aff. ¶ 3. He stated that the following amounts were due and owing: an initial principal amount of $63,268.86, plus $3,163.44, representing 5% interest calculated from June 1, 2019; additional interest of $553.60 as of August 1, 2020; and attorneys' fees of $10,047.89, which were capped at 15%, for a grand total of $77,033.79. *Id.* ¶¶ 6–7. He also stated that Mr. Frantz "is between 40-60 years of age, and received at least some post-secondary education at Garrett College," and that the registered address for Mr. Frantz and Red Rock is 9659 Friendsville Road, Friendsville, MD 21531. *Id.* ¶¶ 8, 10.

Having reviewed the complaint, Promissory Note, Guaranty Agreement, and Mr. Stuck's Affidavit, I find that the Promissory Note and Guaranty Agreement together constitute a "written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1(a). Mr. Stuck incorporates the assertions in the complaint into his affidavit, and he provides a breakdown of the amount sought in the confessed judgment. Stuck Aff. ¶¶ 4, 6–7. Mr. Stuck's affidavit states that Mr. Frantz executed the Promissory Note, and he provides Mr. Frantz's approximate age and education, as well as defendant's mailing addresses. *Id.* ¶¶ 3, 5, 8–10. Stuck Enterprises has complied with the requirements of Local Rule 108.1, and the documents attached to the Complaint "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." *See* Loc. R. 108.1(b).

3

Additionally, through its submissions, Stuck Enterprises has established a "meritorious claim . . . for liquidated damages against" defendant. *See id.*   As detailed above, Mr. Stuck's affidavit provides that, as of August 1, 2020, Red Rock owed $63,268.86 in principal; $3,163.44 in interest from June 1, 2019; and $553.60 in additional interest as of August 1, 2020, for a total of $66,985.90.

In sum, Stuck Enterprises' complaint and exhibits establish prima facie that defendant voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits of Stuck Enterprises' claim for liquidated damages, and Stuck Enterprises has presented a meritorious claim for liquidated damages in the amount of $66,985.90.   Therefore, the Clerk shall enter the confessed judgment against Red Rock in the amount of $66,985.90, which includes $63,268.86 in outstanding principal and $3,717.04 in interest accrued through August 1, 2020, along with additional interest to accrue at the post-judgment rate from the date of the judgment until paid.

Stuck Enterprises also seeks $10,047.89 in attorneys' fees.   The Promissory Note and Guaranty Agreement establish that Stuck Enterprises is entitled to reasonable attorneys' fees of no more than 15% of the amount due.   After the culmination of its collection efforts, Stuck Enterprises may submit a claim for attorneys' fees and collection expenses with an affidavit in support of the requested fees and costs.

The Clerk shall ensure that notice of this entry is provided to defendant at the addresses listed below.

Red Rock Enterprises, LLC
9659 Friendsville Road
Friendsville, MD 21531

A separate judgment will issue.

Date: <u>September 18, 2020</u>                             <u>            /S/            </u>
                                                           Deborah L. Boardman
                                                           United States Magistrate Judge